**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Devin Andrich,<br><br>                Plaintiff,<br><br>v.<br><br>Joseph Arpaio, et. al.,<br><br>                Defendants. | No. CV-16-02111-PHX-DJH (JZB)<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Extend Time to Certify A.R.S. §§ 12-2603 and 12-2604 Compliance, pursuant to §12-2603(C) (Doc. 40), Plaintiff's Motion for Leave to Serve Additional Uniform Interrogatories Upon Defendants, pursuant to Rule 26(b)(2)(A) of the Federal Rules of Civil Procedure (Doc. 42), Plaintiff's Motion to Strike (Doc. 56), Plaintiff's Motion to Extend Time to File Motions to Join Parties or for Leave to Amend Pleadings (Doc. 60), Plaintiff's Motion to Modify Scheduling Order (Doc. 62), and Plaintiff's Motion to Compel Responses (Doc. 65). For the reasons below, the Court will deny Plaintiff's Motions.

**I. Background**

Plaintiff Devin Andrich, who is confined in the Arizona State Prison Complex – Safford, filed a Motion for Leave to File Excess Pages (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3) on June 27, 2016. He also lodged a proposed *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) On July 19, 2016, the

Court denied the Application to Proceed and the Motion for Leave to File Excess Pages, giving Plaintiff 30 days to file an amended complaint, and to either pay the filing and administrative fees or to file a complete *in forma pauperis* application. (Doc. 6.) After the Court granted Plaintiff several extensions of time, on October 11, 2016, the Clerk docketed Plaintiff's Motion for Leave to File Excess Pages (Doc. 17) and Lodged Proposed First Amended Complaint (Doc. 18). In a December 13, 2016 Order, the Court granted Plaintiff's Application to Proceed and the Motion for Leave to File Excess Pages. (Doc. 20.) The Court also directed the Clerk of Court to file the Lodged Proposed First Amended Complaint. (Docs. 20, 21.)

After screening, the Court dismissed Counts One, Two, Three, Five, Six, Seven, and Eight of Plaintiff's First Amended Complaint without Prejudice. The Court also dismissed Defendants Arpaio, John Doe Jail Commander, John Doe Lower Buckeye Jail Dentist, John Doe Lower Buckeye Jail Doctor, John Doe Radiologist, John Does/Jane Does I-X, Jane Doe Doctor Phoenix, Jane Doe Doctor Tucson, and John Does/Jane Does XI-XX without prejudice, and dismissed Plaintiff's official capacity claims against Mullen, Coons, John Doe/Jane Doe Health Administrator, John Doe/Jane Doe Phoenix Facility Health Administrator, and John Doe/Jane Doe Tucson Facility Health Administrator. (Doc. 20.)

The Court also ordered Defendants Correctional Health Services and John/Jane Doe Health Administrator to answer Plaintiff's Fourteenth Amendment claim in Count Four, Defendants Corizon Health, Mullen, John Doe/Jane Doe Phoenix Facility Health Administrator, and John Doe/Jane Doe Tucson Facility Health Administrator to answer Plaintiff's Eight Amendment claims in Counts Nine and Ten, and Defendants Corizon Health and Coons to answer the negligence and medical malpractice claims in Counts Eleven and Twelve. (*Id.*) On March 20, 2017, Defendants Corizon, Coons, and Mullen filed an Answer to Plaintiff's First Amended Complaint, denying Plaintiff's claims. (Doc. 29.) On April 3, 2017, Defendant Porter, named as John Doe/Jane Doe Tucson Facility Healthcare Administrator, filed an Answer denying Plaintiff's claims. (Doc. 38.)

The Court issued a Scheduling Order on April 4, 2017, setting July 3, 2017 as the deadline for motions to join parties or for leave to amend pleadings, and September 1, 2017 as the deadline for serving written discovery. (Doc. 39.) The Court also reiterated the limits to 25 interrogatories stated in Rule 33 of the Federal Rules of Civil Procedure. (*Id.*) The Court also ordered the parties to first seek to resolve discovery disputes through personal or telephonic consultation and sincere effort prior to filing any discovery motions. (*Id.*) On April 17, 2017, Plaintiff filed his Motion to Extend Time to Certify A.R.S. §§ 12-2603 and 12-2604 for his state law negligence and medical malpractice claims against Defendants Corizon and Coons. (Doc. 40.) On May 15, 2017, Plaintiff filed his Motion for Leave to Serve Additional Uniform Interrogatories Upon Defendants. (Doc. 42.)

**II.  Plaintiff's Motion to Extend Time To Certify A.R.S. § 12-2603 Compliance**

**A. Legal Standards**

A.R.S. § 12-2603(A) provides the following:

> If a claim against a health care professional is asserted in a civil action, the claimant or the party designating a nonparty at fault or its attorney shall certify in a written statement ***that is filed and served with the claim*[1]** or the designation of nonparty at fault whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim.

A.R.S. § 12-2603(A)(emphasis added).

The claimant must certify whether or not expert testimony is necessary to prove the heath care professional's standard of care and liability at the time of filing his claims in order to prevent a meritless action from moving past the preliminary stage and to prevent any unnecessary costs that come with discovery and litigation. *Moreland v. Barrette*, CV No. 05-480-TUC-DCB, 2006 U.S. Dist. LEXIS 79928, at *12 (D. Ariz. Oct. 31, 2006).

If the claimant certifies that expert opinion testimony is necessary, the claimant

---

[1] A.R.S. § 12-2603(H)(1)(a) defines "claim" as "a legal cause of action against a health care professional" asserted in a "complaint, answer, cross-claim, counterclaim, third party complaint or designation of a nonparty at fault."

- 3 -

must serve a preliminary expert opinion affidavit containing: (1) "the expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim"; (2) "the factual basis for each claim against a health care professional"; (3) "the health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care"; and (4) "the manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by claimant." A.R.S. § 12-2603(B). An expert is defined as "a person who is qualified by knowledge, skill, experience, training, or education to express an opinion regarding a licensed health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(H)(2).

If the claimant certifies that expert testimony is not required, the health care professional may move for a court order requiring service of a preliminary expert opinion affidavit. A.R.S. § 12-2603(D). In the motion, the health care professional must identify: (1) "the claim for which it believes expert testimony is needed"; (2) "the prima facie elements of the claim"; and (3) "the legal or factual basis for its contention that expert opinion testimony is required to establish the standard of care or liability for the claim." *Id*.

"After considering any motion or response, the court shall determine whether the claimant … shall comply with this section." A.R.S. § 12-2603(E). The court may extend the time for compliance with this statute by stipulation of the parties or if good cause is shown. A.R.S. § 12-2603(C). Additionally, the court shall dismiss the claims against the health care professional without prejudice if the claimant fails to file and serve a preliminary expert opinion affidavit after certifying an affidavit is necessary or the court has ordered the claimant to file and serve an affidavit. A.R.S. § 12-2603(F).

In Arizona the "general rule in a medical malpractice case is that it is incumbent on the plaintiff to establish negligence on the part of a physician or surgeon by expert medical testimony." *Tessitore v. McGilvra*, 459 P.2d 716, 718 (Ariz. 1969). "Whether a physician breaches a duty by falling below the accepted standard of care is ordinarily

shown by expert medical testimony." *Barrett v. Harris*, 86 P.3d 954, 960 (Ariz. Ct. App. 2004). An exception to this general rule occurs where "the negligence is so grossly apparent that a layman would have no difficulty in recognizing it." *Riedisser v. Nelson*, 534 P.2d 1052, 1054 (Ariz. 1975).

In a federal action where the Court exercises supplemental jurisdiction over state law malpractice claims, the requirements of § 12-2603 apply to the plaintiff's state law claims. *See Amor v. Arizona*, CV No. 06-499-TUC-CKJ, 2010 U.S. Dist. LEXIS 23593, at *26 (D. Ariz. Mar. 12, 2010). However, there is no such federal procedural requirement, and so no such requirements apply to Plaintiff's Eighth Amendment claims.

### B. Plaintiff has not shown good cause to extend time for compliance with A.R.S. § 12-2603(A).

Plaintiff failed to provide a written statement certifying whether or not expert testimony will be necessary to his medical malpractice and negligence claims against Defendants Corizon and Coons upon filing his First Amended Complaint. (Doc. 21.) Plaintiff now requests an extension of time pursuant to A.R.S. § 12-2603(C) to certify whether or not such expert testimony will be necessary, "in the amount of at least 60 days from when Defendants serve responses to Plaintiff's first set of Uniform Interrogatories."[2] (Doc. 40.)

Plaintiff's Motion and Reply appear to set forth two arguments for extending the certification filing deadline. First, Plaintiff argues that under A.R.S. § 12-2603, the certification "timeline is triggered by service of an initial disclosure statement," and because no disclosure statements have been served, "clarity is needed on the issue as to whether any certification deadline exists." (*Id*. at 4.) As mentioned above, A.R.S. § 12-

---

[2] In addition, Plaintiff requests the following from the Court: (1) an order to Defendants to initiate a teleconference to discuss pre-trial deadlines; (2) a telephonic scheduling conference to discuss modification of the Court's April 4, 2017 Scheduling Order; and (3) modification of the Scheduling Order to remove the current restrictions on the number of interrogatories. (*Id*.) In this section, the Court only addresses Plaintiff's request for an extension of time to file the required certification. The Court addresses Plaintiff's request for additional discovery in Section III below in analyzing Plaintiff's Motion for Leave to Serve Additional Interrogatories.

- 5 -

1  2603(A) states the certification is to be filed and served with the claims. The service of
2  the initial disclosure statement triggers the deadline for the preliminary expert opinion
3  affidavit under A.R.S. § 12-2603(B), but it is unrelated to the filing of the certification
4  required under A.R.S. § 12-2603(A). Because no clarity is needed as to the existence of
5  the certification deadline, Plaintiff's first argument does not provide good cause for his
6  extension request.[3]

Second, Plaintiff argues good cause exists for an extension because there are significant issues with the Scheduling Order, and his right to discovery should be resolved prior to filing the certification. Plaintiff argues that he needs a reasonable amount of time to "ascertain [Defendants'] position on this case," (Doc. 40 at 6) and he claims to be unable to do so because the Scheduling Order "obstructs Plaintiff's ability to conduct reasonable discovery." (*Id*. at 4.) Plaintiff further claims that "under normal circumstances, Plaintiff would serve non-uniform interrogatories upon Defendants, await the answers, and determine whether Plaintiff requires expert witnesses and as to what opinions." (*Id*. at 7.) However, as noted above and pursuant to the statute, Plaintiff must make the determination as to whether he requires expert testimony pursuant to A.R.S § 12-2603(A) at the time he files his Complaint. Allowing Plaintiff to conduct discovery before he makes such a determination contradicts the very purpose of this statute: to curtail frivolous suits and unnecessary costs.

---

[3] In Plaintiff's Reply, filed on May 15, 2017, Plaintiff additionally requests the following from the Court: (1) all relief sought should be imposed upon Defendant Porter because her name was not listed in the heading of Defendants' Response; (2) a warning from the Court to Defendants' counsel for violating D. Ariz. LRCiv 83.5 "to prevent continued widespread professionalism against incarcerated, indigent persons bringing civil rights complaints"; (3) to admonish Defendants' counsel for "failing to supervise an unlicensed associate" in drafting and filing Defendants' Response; and (4) an order to an attorney employed by Defendants' counsel's firm (who is not representing Defendants in this case) "to attend continuing education courses on dealing with unrepresented persons." (Doc. 43.) Additionally, Plaintiff attached "Exhibit A," a letter dated February 16, 2017 and addressed to Defendants' counsel, which discusses a telephone conversation Plaintiff had with an attorney employed by Defendants' counsel's firm. (*Id*. at 12-17.) These requests and allegations throughout his Reply, along with the content of the attached letter, are irrelevant to whether Plaintiff has shown good cause for an extension of time to comply with A.R.S. § 12-2603(C) or for additional discovery. The Court will therefore not address these additional requests.

Under A.R.S. § 12-2603(A), all Plaintiff must certify at the time of filing his claims is whether or not expert opinion testimony is necessary to prove Defendants' standard of care or liability for the claim. A.R.S. § 12-2603(A). Plaintiff does not need to determine whether expert testimony is necessary to determine "the measure of damages Defendants are found to be liable to Plaintiff." (Doc. 40 at 6.) Plaintiff has the ability to conduct discovery regarding his damages. However, at the time of his filing, Plaintiff was required to determine whether an expert opinion is needed to prove whether Defendants Corizon and Coons' conduct fell below the applicable standard of care in regards to only his state law claims of negligence. *See Arenberg v. Adu-tutu*, CV No. 14-01344-PHX-DLR, 2014 U.S. Dist. LEXIS 190546, at *1-2 (D. Ariz. Feb. 25, 2016) (finding a plaintiff must comply with A.R.S. §12-2603 for only his state negligence claims, and no affidavit was required for his Eighth Amendment claims of deliberate indifference).

Plaintiff also claims in his Motion that he needs additional time to obtain and review his medical records from Defendants. However, as Defendants note, Plaintiff has access to his medical records internally from the Arizona Department of Corrections. Further, it is not clear to the Court why Plaintiff needs additional time to review medical records and what further information he requires before he can certify whether expert testimony is needed to show the standard of care or liability with regard to his malpractice claims. Plaintiff does not demonstrate how the Scheduling Order and discovery limits have harmed him in meeting the certification deadline. Plaintiff refers generally to the need to serve interrogatories before filing the required certification. However, he does not identify what specific discovery he needs before he can comply with the requirements of § 12-2603 with regard to his negligence claims. Plaintiff is aware of his alleged theory of liability in support of his negligence claims. Therefore, the Court will deny Plaintiff's request to extend the deadline to provide the certification to

after Plaintiff receives responses to his Interrogatories.[4]

### III. Plaintiff's Motion for Leave to Serve Additional Uniform Interrogatories Upon Defendants

#### A. Legal Standards

Rule 26 of the Federal Rules of Civil Procedure governs discovery in civil litigation. The primary purpose for discovery rules is to promote full disclosure of all facts to aid in fair, prompt, and inexpensive disposition of lawsuits. *Amor*, 2010 U.S. Dist. LEXIS 23593, at *24 (citing *Woldum v. Roverud Constr. Inc.*, 43 F.R.D. 420 (D. Iowa 1968.)). Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," taking into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion to limit the frequency and extent of any discovery method. Fed. R. Civ. P. 16(b) and Rule 26(b)(2).

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories to parties in civil litigation. Rule 33(a)(1) allows a party to serve no more than 25 written interrogatories, including all subparts, unless otherwise ordered or stipulated. Fed. R. Civ. P. 33(a)(1).

The Rules regarding discovery are modified in cases involving incarcerated individuals. "An action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision is exempt from initial disclosure." Fed. R. Civ. P. 26(a)(1)(B)(iv). Additionally, the court can exempt particular cases, including those actions by unrepresented prisoners, from a scheduling conference pursuant to Rule

---

[4] Defendants also request that the Court order Plaintiff to meet the requirements in § 12-2603(D) regarding providing an expert affidavit. (Doc. 41 at 5.) The Court will not address those arguments at this time. Instead, the Court will require Plaintiff to first comply with § 12-2603(A). The Court will address the preliminary expert affidavit issue if and when it becomes ripe.

26(f) due to impracticability of the parties meeting. *See* Fed. R. Civ. P. 26 Notes of Advisory Committee on 1993 amendments.

Here, the Scheduling Order limits the parties to 25 interrogatories, 15 requests for production, and 10 requests for admission to each other party. (Doc. 39.)

### B. Plaintiff has not shown good cause to serve additional interrogatories.

Plaintiff now moves for leave to serve Uniform Interrogatories for Use in Medical Malpractice Cases (Ariz. R. Civ. P. Form 4A/4), in addition to the 25 interrogatories granted to him in Rule 33 of the Federal Rules of Civil Procedure and the Court's April 4, 2017 Scheduling Order. (Doc. 42.) The Uniform Interrogatories include 31 interrogatories to individual health care providers, 28 interrogatories to institutional health care providers, and 37 interrogatories to individuals. (Ariz. R. Civ. P. Form 4A/4.) Plaintiff's Motion included a certification of sincere efforts to resolve discovery disputes with opposing counsel, in which he states he wrote two letters, one on February 16, 2017, and one on April 12, 2017, regarding existing discovery disputes. (*Id*. at 10.) Plaintiff further claims Defendants have chosen not to respond to his correspondence, and due to his incarceration, he is unable to make outgoing phone calls. (*Id*.)

Plaintiff argues "the Uniform Interrogatories are the standard used in Arizona medical malpractice cases to identify parties and witnesses, as well as obtain relevant medical records." (*Id*. at 10.) Plaintiff claims the Uniform Interrogatories are necessary so Plaintiff can review his own medical records, discover witnesses, and certify whether an expert opinion is necessary. Plaintiff further asserts that Defendant Porter's answer admitted she was the Facility Health Administrator at the ASPC Tucson Facility for only part of the time referred to in Plaintiff's First Amended Complaint, revealing "unknown defendants exist." (Doc. 42 at 4.) Plaintiff argues it can be determined whether Defendant Porter or an "unknown ASPC Tucson Facility Health Administrator engage[d] in the unconstitutional, negligent conduct" through answers to the Uniform Interrogatories, which are necessary "to efficiently identify all parties and witnesses to this case." (*Id*. at 5-7.)

Next, Plaintiff argues "the Uniform Interrogatories cure, in part, the harms created by the absence of Defendants' initial disclosure statement," as his case is exempt from initial disclosures, pursuant to Fed. R. Civ. P. 26(1)(B)(iv). (*Id*. at 12.) Plaintiff claims "answering additional interrogatories forces Defendants to disclose to Plaintiff the identities of any person who may have any information concerning the medical treatment given or withheld," and "to produce copies of their policies and procedures used or ignored in authorizing and rendering medical treatment." (*Id*. at 13.) Plaintiff states he has been prevented from "meaningful access to the court under a pretext of preventing an imposition of burden upon incarcerated persons." (*Id*.) Thus, Plaintiff claims he should be granted additional interrogatories to "serve as a legitimate substitute for Plaintiff to acquire information from Defendants." (*Id* at 14.) Finally, Plaintiff argues it is foreseeable that he "will use the written discovery limits outlined in the Scheduling Order for non-uniform interrogatories, additional requests for production, (if any) and requests for admission." (*Id*. at 14.)

In response, Defendants argue Plaintiff's Motion should be denied for failure to comply with the Scheduling Order's requirement that the parties seek to resolve discovery disputes prior to filing a motion. (Doc. 46 at 3.) Further, Defendants argue Plaintiff provides no basis for Defendants to bear the burden and expense of responding to expanded discovery. (*Id*. at 4.) Defendants claim Plaintiff is "well aware of the performance of an MRI, who performed it, and has access to all his medical records," pursuant to the Arizona Department Corrections Order 1104. (*Id*.) Defendants argue Plaintiff is attempting to expand discovery in irrelevant directions and "to engage in a fishing expedition," and Plaintiff's request is not relevant or proportional to the needs of the case, as required by Rule 26(b)(1). (*Id*. at 5.) Defendants further argue the Uniform Interrogatories "only apply and are adopted and applicable to actions filed in state court, not to actions pending in federal court." (*Id*.) Finally, Defendants argue initial disclosure statements are not required in inmate cases, and Plaintiff fails to explain how normal discovery cannot provide Plaintiff with the names of the witnesses he is seeking at this

time. (*Id*.)

On June 12, 2017, Plaintiff filed a Reply reiterating his efforts to resolve discovery disputes prior to filing the Motion, including an additional letter sent to opposing counsel on May 15, 2017. (Doc. 50 at 3-4.) The letter is attached to his Reply as "Exhibit A" (*id*. at 14) and is a proposed modified Scheduling Order. Plaintiff also attached to his Reply an "Inmate Informal Complaint Resolution" form dated October 20, 2016 (marked "Exhibit B"), in which Plaintiff requested a copy of a HIPAA release he signed. (*Id*. at 30.) Plaintiff claims Defendants refused to comply, and so the Uniform Interrogatories are necessary to obtain his medical records. (*Id*. at 6.)

The Court will deny Plaintiff's Motion. As an initial matter, the Court is not convinced Plaintiff has made sufficient efforts to resolve the parties' discovery disputes prior to filing this Motion, pursuant to the Scheduling Order, Rule 37(a) of the Federal Rules of Civil Procedure, and Rule 7.2(j) of the Local Rules of Civil Procedure. Sending a modified Scheduling Order to Defendants (*id*. at 14) and sending a letter discussing a telephone conversation irrelevant to discovery disputes (Doc. 42 at 19) falls short of the sincere efforts required prior to filing a discovery motion. Plaintiff references a letter he sent to Defendants on April 12, 2017 (*Id*. at 10), but the content of the letter is not clear.

The Court also finds Plaintiff has failed to show good cause for leave to serve additional interrogatories at this time. Plaintiff argues the Uniform Interrogatories, which are part of the Arizona Rules of Civil Procedure, are "the standard used in Arizona medical malpractice cases." The Court recognizes Plaintiff brings state law claims; however, this case has been brought in federal court and it includes federal claims. The Court is not obligated to grant Plaintiff's use of the Uniform Interrogatories. *See* Rule 1 of the Arizona Rules of Civil Procedure ("These rules govern the procedure in all civil actions and proceedings **in the superior court of Arizona**.") (emphasis added). *See also Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003) (finding federal law controls the procedure by which a federal court oversees litigation). Plaintiff must show good cause as to why he requires more than the 25 interrogatories he is allowed under

Rule 33(a)(1) of the Federal Rules of Civil Procedure and the Scheduling Order (Doc. 39), and the Court finds Plaintiff has failed to do so.

Plaintiff argues for an expansion of discovery because there are unknown defendants he seeks to identify, and copies of medical records and policies Plaintiff seeks to obtain. However, Plaintiff fails to explain why he is unable to obtain this information with 25 interrogatories, 15 requests for production, and 10 requests for admission.

Plaintiff argues it is "foreseeable" that he "will use the written discovery limits outlined in the Scheduling Order for non-uniform interrogatories, additional requests for production, (if any) and requests for admission." (*Id*. at 14.) But Plaintiff's general reference to the Uniform Interrogatories and to discovery he *might* need to obtain later in this case does not establish good cause for leave to serve additional interrogatories at this time. Plaintiff fails to identify the specific information he seeks that is relevant and proportional to his specific claims in this case, and that he cannot obtain while abiding by the current discovery limits outlined in the Court's Scheduling Order and Rule 33(a)(1). The Court will not allow Plaintiff to serve additional discovery on Defendants beyond the limitations in the Federal Rules of Civil Procedure because there exists a possibility that Plaintiff will have further questions after receiving Defendants' first set of answers to Uniform Interrogatories. *See also Arenberg v. Ryan*, CIV No. 10-2228-PHX-JWS (MHB), 2012 U.S. Dist. LEXIS 192300, at *12 (D. Ariz. Apr. 19, 2012) (denying a motion to serve additional interrogatories and finding that the plaintiff's "lack of specificity and effective use of the interrogatories he was allotted are not reasons to allow further discovery").

Finally, Plaintiff argues he should be given additional discovery in order to "cure, in part, the harms created by the absence of Defendants' initial disclosure statement." (Doc. 42 at 12.) But again, Plaintiff fails to explain how he is unable to obtain the information he could have obtained from an initial disclosure statement with 25 interrogatories, 15 requests for production, and 10 requests for admission. Additionally, as stated above, Defendants are not required to serve an initial disclosure statement due to

- 12 -

Plaintiff's incarceration and *pro se* status. Fed. R. Civ. P. 26(a)(1)(B)(iv).

The Court finds Plaintiff has failed to show good cause to serve additional interrogatories upon Defendants at this time and, therefore, the Court will deny Plaintiff's Motion.

**IV.  Plaintiff's Motion to Strike**

Plaintiff moves to strike the Certificate of Service Defendant filed at Doc. 49. The Court will deny Plaintiff's Motion. He provides no basis to strike the Notice of Service under Rule 12 of the Federal Rules of Civil Procedure, or Rule 7.2(e) of the Local Rules of Civil Procedure. Further, Plaintiff's Motion appears to be a discovery Motion. However, Plaintiff failed to certify that he met and conferred with Defendants regarding Defendants' discovery responses as required by Rule 37(a) of the Federal Rules of Civil Procedure.[5] Therefore, the Court will deny Plaintiff's Motion to Strike.

**V.  Plaintiff's Motion to Extend the Deadline for Motions to Amend and Plaintiff's Previously Served Discovery Responses**

It appears based on Plaintiff's Motion at Doc. 56, that he has already served numerous interrogatories on Defendants, which well-exceed the limitations set by the Federal Rules of Civil Procedure and this Court. In light of the Court's rulings on Plaintiff's Motions at Docs. 40 and 42, and to avoid any confusion regarding what discovery requests are operative, the Court will allow Plaintiff an opportunity to modify and reserve his discovery requests in compliance with the limitations set by the Federal Rules of Civil Procedure and the Court's Scheduling Order, on or before **August 11, 2017**. The Court recognizes that Plaintiff is concerned regarding obtaining certain discovery prior to the amendment deadline, which expired on July 3, 2017. Therefore, the Court will extend the amendment deadline to **September 8, 2017**.

**VI.  Plaintiff's Motion to Modify Scheduling Order**

Finally, Plaintiff has filed a 17-page Motion to Modify Scheduling Order that

---

[5] Plaintiff claims in his Motion that he sent Defendants' counsel letters. (Doc. 56 at 10-11.) But all of those letters appear to predate service of Defendants' discovery responses. Therefore, Plaintiff has not met his obligation to meet and confer before filing a discovery motion regarding those responses.

- 13 -

seeks to modify almost every deadline in the Court's Scheduling Order. With the exception of the deadline to move to amend pleadings as detailed in the above section, the Court will deny Plaintiff's request to modify the Court's deadlines in the Scheduling Order.

Plaintiff first requests the Court extend the deadline for Defendants to depose Plaintiff until December 2, 2017. Plaintiff fails to provide good cause for his extension request. Plaintiff asserts that if the Arizona Department of Corrections requires Plaintiff to give his deposition in a phone booth, such requirement would be "cruel and unusual punishment." But Plaintiff speculates that such a requirement will be in effect for his deposition, and even if it is, it is unclear to this Court what relevance such a requirement would have on extending the deadline for Defendant to depose Plaintiff by a full four months. Therefore, the Court will deny Plaintiff's request to extend the deadline for Defendants to depose Plaintiff.

Plaintiff next complains about the Court's requirement that it will not allow Plaintiff to depose Defendants by written questions. Plaintiff's arguments regarding this issue have no merit. Plaintiff misunderstands what is involved in deposing a party by written deposition questions pursuant to Rule 31 of the Federal Rules of Civil Procedure:

> The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the officer can be any person authorized by law to administer oaths, *see* Fed. R. Civ. P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. deposition to occur. The defendant would have

> time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written recross- examination questions for the witness. When all the questions --without any answers-- are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, *see* Fed. R. Civ. P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings.

*Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 U.S. Dist. LEXIS 56903, *7-8 n.2 (N.D. Cal. July 27, 2007).

Plaintiff has made no showing of exceptional circumstances in his case to warrant leave to depose Defendants or other witnesses. Plaintiff is no different than any other *pro se* prisoner Plaintiff. For logistical reasons due to his incarceration, and Plaintiff's admitted inability to pay the costs associated with taking depositions, the Court will deny Plaintiff's request to take depositions by written questions.[6]

Plaintiff next requests the Court extend the deadline for serving written discovery, currently September 1, 2017. But the deadline remains nearly a month away and Plaintiff fails to provide good cause at this time for extending the deadline. Should Plaintiff need additional *specific* discovery from a *specific* party, he may file a motion to extend the deadline at that time. Plaintiff's general claim that he might need additional discovery

---

[6] Plaintiff complains that Defendants have refused to answer his Interrogatories. (Doc. 62 at 5.) However, as stated above, the Court will allow Plaintiff to revise and reserve his Interrogatories to Defendants in light of the Court's rulings on Plaintiff's other Motions. Plaintiff has not shown that he cannot obtain the discovery he needs through written discovery. Therefore, the Court finds Plaintiff's claim that "the 'exceptional circumstances' standard" in the Court's Scheduling Order is "prejudicial to the administration of justice" is without support.

1 from additional parties is insufficient to extend the deadline at this time.

2 Plaintiff also reiterates his arguments regarding needing more than 25 interrogatories per party. For the reasons set forth in detail above, the Court will deny Plaintiff's request to serve more than 25 interrogatories.

Plaintiff next requests the Court waive the requirement that Plaintiff meet and confer with Defendants over the phone regarding discovery disputes before filing a motion to compel. The Court will deny that request. Plaintiff generally claims that he is not allowed to make phone calls to discuss discovery with Defendants, but provides no basis for that claim. Further, to the extent Plaintiff makes attempts to request a phone call with Defense counsel regarding discovery disputes and is unable to do so, he may seek the Court's assistance regarding that *specific* circumstance at that time. But the Court affirms Plaintiff's obligation to meet and confer with Defendants before filing discovery motions in accordance with the Court's Scheduling Order and the Federal and Local Rules of Civil Procedure.

Plaintiff also requests the Court extend the dispositive motion deadline at this time. The Court will also deny this request. The dispositive motion deadline is November 30, 2017—approximately four months away. Plaintiff fails to provide good cause for extending that deadline at this time. Plaintiff's speculation that he "may not have any discovery that he is permitted by" the deadline is unsupported and insufficient.

Plaintiff also argues that the Court's Scheduling Order "discriminates against" him because it (1) allows Defendants to file two motions for summary judgment, while he can only file one motion; and (2) allows Defendants to depose witnesses, while he is required to show exceptional circumstances before the Court will allow him to take depositions. (Doc. 62 at 10.) Plaintiff's arguments lack merit. First, the Court's allowance of Defendants to file two months for summary judgment—an initial motion for summary judgment based on exhaustion and, if necessary, a second motion for summary judgment on the merits—is in accordance with the Ninth Circuit Court's decision in *Albino v. Baca,* 747 F.3d 1162, 1170 (9th Cir. 2014) ("Exhaustion should be decided, if feasible, before

- 16 -

reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit."). Second, as detailed above, Plaintiff is incarcerated and due to logistical issues, will have a very difficult time conducting depositions. Further, he has failed to show that the specific discovery he seeks cannot be obtained through written discovery to Defendants.

Finally, Plaintiff requests the Court set a telephonic scheduling conference. (Doc. 62 at 17.) The Court has addressed each of Plaintiff's pending discovery Motions in this Order. Therefore, the Court will deny Plaintiff's request for a scheduling conference as unnecessary at this time.

### VII. Plaintiff's Motion to Compel

Plaintiff has additionally filed a Motion to Compel Responses to Plaintiff's First set of Uniform Interrogatories. (Doc. 65.) Above, the Court has allowed Plaintiff an opportunity to modify and reserve his discovery requests in compliance with the limitations set by the Federal Rules of Civil Procedure and the Court's Scheduling Order, on or before August 11, 2017. Thus, the Court will deny this Motion as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time to Certify A.R.S. §§ 12-2603(a); 12-2604 (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that on or before **August 18, 2017**, Plaintiff shall provide the required certification regarding whether expert testimony is necessary in this case with regard to his negligence and malpractice claims.

**IT IS FURTHER ORDERED** that if Plaintiff certifies that expert testimony is not necessary, Defendants shall have until **September 1, 2017** to file a Motion requesting the Court order Plaintiff to provide a Preliminary Expert Affidavit in compliance with § 12-2603(D). If Plaintiff certifies that expert testimony is necessary, Plaintiff shall have until **October 2, 2017** to provide the required Preliminary Expert Affidavit as required by § 12-2603(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Serve Additional Uniform Interrogatories Upon Defendants (Doc. 42) is denied.

**IT IS FURTHER ORDERED** that Plaintiff shall modify and reserve his written discovery requests on or before **August 11, 2017**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 56) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend the deadline for moving to amend pleadings (Doc. 60) is granted as provided in this Order.

**IT IS FURTHER ORDERED** that all motions to join parties or for leave to amend pleadings shall be filed by **September 4, 2017**.

**IT IS FURTHER ORDERED** that with the exception of the Court's extension of the deadline for the parties to move to amend pleadings as stated above, Plaintiff's Motion to Modify Scheduling Order (Doc. 62) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 65) is denied.

Dated this 2nd day of August, 2017.

Honorable John Z. Boyle
United States Magistrate Judge